IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

v.

SERGEI MAKININ,
Defendant.

CRIMINAL NO. 22-470-PAD

PLEA AND FORFEITURE AGREEMENT PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(B)

TO THE HONORABLE COURT:

The United States of America, Defendant, Sergei Makinin, and Defendant's counsel, Javier F. Micheo Marcial, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts One through Three of the Indictment:

**Intentional Damage to a Protected Computer**

(18 U.S.C. § 1030(a)(5)(A))

On or about each of the dates set forth below, in the District of Puerto Rico and elsewhere, the defendant,

SERGEI MAKININ,

knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization

to a protected computer, and the offense caused damage affecting 10 or more protected computers during a one-year period, described below for each count, each transmission constituting a separate count:

| Count | Date | Computer(s) |
|---|---|---|
| 1 | May 14, 2022 | One or more computers associated with IP address 24.138.223.146 located in Juncos, PR |
| 2 | May 14, 2022 | One or more computers associated with IP address 24.139.216.72 located in San Sebastián, PR |
| 3 | March 3, 2021 | One or more computers associated with IP address 52.128.27.198 located in Yauco, PR |

in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(i) and (c)(4)(A)(i)(VI).

2. **Maximum Penalties**

Counts One through Three: The maximum statutory penalty for the offenses charged in Counts One through Three of the Indictment, is a term of imprisonment of ten years pursuant to 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(i) and (c)(4)(A)(i)(VI); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3) or, as an alternative, not more than the greater of twice the gross gain or twice the gross loss pursuant to 18 U.S.C. § 3571(d); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States may advocate for a fine and will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has

not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

**7. Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATION COUNTS ONE THROUGH THREE 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(i) and (c)(4)(A)(i)(VI). | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B1.1 | 6 |
| "a substantial part of a fraudulent scheme was committed from outside the United States" pursuant to U.S.S.G. § 2B1.1(b)(10)(B) and "the offense . . . involved sophisticated means" pursuant to U.S.S.G. § 2B1.1(b)(10)(C). | +2 |
| Use of special skill pursuant to U.S.S.G. § 3B1.3 | +2 |
| Conviction for a violation of 18 U.S.C. 1030(a)(5)(A) pursuant to U.S.S.G. § 2B1.1(b)(19)(A)(ii) | +4 |
| Involved 10+ victims pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) | +2 |
| With respect to damages ($550,000 to $1.5 million) pursuant to U.S.S.G. § 2B1.1(b)(1). Under U.S.S.G. § 2B1.1, cmt. n.3(B), "[t]he court shall use the gain that resulted from the offense as an alternative measure of loss only if there is a loss but it reasonably cannot be determined." | +14 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **27** |

| SENTENCING GUIDELINES CALCULATION<br>COUNTS ONE THROUGH THREE<br>18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(i) and (c)(4)(A)(i)(VI). | | | | | |
|---|---|---|---|---|---|
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 70-87 | 78-97 | 87-108 | 100-125 | 120-150 | 130-162 |

8. **Sentence Recommendation**

As to Counts One through Three, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of imprisonment at the low end of the applicable Guidelines range at a total offense level of 27 when combined with the criminal history category determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

9. **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

10. **Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is at the low end of the applicable Guidelines range at a total offense level of 27 when combined with the criminal history category determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by the parties. The parties agree that any request by the parties for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement. If the Defendant breaches the plea agreement, the United States will be free to ask for any sentence, either guideline or statutory.

12. **Satisfaction with Counsel**

Defendant is satisfied with counsel, Javier F. Micheo Marcial, Esq., and asserts that counsel has rendered effective legal assistance.

U.S. v. Sergei Makinin, 22-470-PAD

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

   c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

   d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

   e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to

dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied

admission to the United States in the future.

### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 23. Forfeiture Provision

Defendant agrees to waive and forgo any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses charged in the Indictment, pursuant to 18 U.S.C. § 982(a)(2)(B), and Defendant's interest in any personal property that was used or intended to be used to commit or to facilitate the commission of such offense, and any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such offense, pursuant to 18 U.S.C. §§ 1030 (i) and (j), including specifically any interests or claims over all funds in the cryptocurrency wallets associated with the following addresses:

| |
|---|
| TNNKdC1boJnJoLeTfkjUFxkLLdrvXhfmrk |
| TTdJYMwHmkRhrFmopkbhHTZEPwCFa5zZtf3 |
| TYQz1HAHoSSCDzKreZAPYadq5Yb1htiYPx |
| ltc1qtgy8uztszvv4en0zy07nfenfzyhdgljh0w8uv0 |

and the following domains:

| Proxx.io |
|---|
| Proxx.net |

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this

agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be

binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. Stephen Muldrow
United States Attorney

_____
Jonathan Gottfried
Assistant U.S. Attorney
Chief, Violent Crimes Division
Dated: September 6, 2023

_____
Nicole M. Argentieri
Acting Assistant Attorney General
Dated: 9/6/23

_____
Jane Lee
Trial Attorney
Computer Crime & Intellectual Property Section
Department of Justice
Dated:_____

_____
Jeff Pearlman
Trial Attorney
Computer Crime & Intellectual Property Section
Department of Justice
Dated: 9/6/23

_____
Javier F. Micheo Marcial, Esq.,
Counsel for Defendant
Dated: 9-18-23

_____
Sergei Makinin
Defendant
Dated: 9-18-23

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel, with the assistance of a Russian-language interpreter, has translated the Plea Agreement to me in Russian I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 9·18·23

_____
Sergei Makinin
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. With the assistance of a Russian-language interpreter, I have translated the Plea Agreement and explained it in the Russian language. The Defendant has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 9·18·23

_____
Javier F. Micheo Marcial, Esq.,
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Sergei Makinin admits that Defendant is guilty as charged in the Indictment and admits the following:

From at least June 2019 through December 2022, Sergei Makinin, who had significant expertise in computer science, developed and deployed malicious software to hack thousands of Internet-connected devices around the world, including in Puerto Rico. Makinin controlled these devices as part of an extensive computer robot network, or "botnet." The main purpose of the botnet was to turn infected devices into proxies as part of a for-profit scheme made available through Makinin's website, proxx.io or www.proxx.net, where Makinin sold illegitimate access to infected and controlled devices as part of a proxy service to actors seeking to hide their Internet activities. A single customer could pay hundreds of dollars a month to access thousands of infected computers. Makinin's publicly-accessible website advertised that he had over 23,000 "highly anonymous" proxies from all over the world. The damage caused by Makinin's malware on infected computers included decreased processing speeds caused by increased loads on the resources of infected computers, as well as victims' costs associated with removing the malware from infected computers. Makinin's development and control of the botnet was from outside the United States. The defendant acknowledges that he gained at least $550,000 from the scheme.

By knowingly causing the transmission of a program, information, code, or command, Makinin intentionally caused damage without authorization to 10 or more computers used in or affecting interstate or foreign commerce or communication in each year from 2019 through 2022. The defendant's scheme resulted in the damage to thousands of computers and utilized thousands of infected computers around the world. This included the following intentional damage in Puerto Rico on the dates identified below:

| | |
|---|---|
| May 14, 2022 | A computer associated with IP address 24.138.223.146 located in Juncos, PR |
| May 14, 2022 | A computer associated with IP address 24.139.216.72 located in San Sebastián, PR |
| March 3, 2021 | One or more computers associated with IP address 52.128.27.198 located in Yauco, PR |

*Makinin S.*

Had this matter proceeded to trial, the United States would have proven beyond a reasonable doubt that defendant Sergei Makinin is guilty as charged in Counts One through Three of the Indictment. Discovery was timely made available to Defendant for review.

Jonathan Gottfried
Assistant U.S. Attorney
Chief, Violent Crimes Division
Dated: September 6, 2023

by JP

Nicole M. Argentieri
Acting Assistant Attorney General
Dated: 9/5/23

Jane Lee
Trial Attorney
Computer Crime & Intellectual Property Section
Department of Justice
Dated: _____

Jeff Pearlman
Trial Attorney
Computer Crime & Intellectual Property Section
Department of Justice
Dated: 9/5/23

Javier F. Micheo Marcial, Esq.,
Counsel for Defendant
Dated: 9-18-23

Sergei Makinin
Defendant
Dated: 9-18-23